**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JAMES CRABLE,<br><br>Plaintiff,<br><br>vs.<br><br>FOODBRANDS SUPPLY CHAIN SERVICES, INC.,<br>Serve: C T Corporation System<br>112 SW 7th Street, Suite 3C<br>Topeka, KS 66603<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

# COMPLAINT

Plaintiff James ("Jimmy") Crable, for his Complaint against Foodbrands Supply Chain Services, Inc. ("Foodbrands," or "Defendant") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing in Overland Park, Kansas.

2. Defendant Foodbrands is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Springdale, Arkansas. Foodbrands can be served through its resident agent, C T Corporation System, at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. Defendant owns and operates a distribution center located at 20701 159th Street, Olathe, Kansas 66062.

4. This Court has jurisdiction over this action, which includes claims arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, pursuant to 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant because Defendant conducts business at its Olathe, Kansas location, and a substantial part of the events or omissions giving rise to Plaintiff's claims took place within this District.

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims—namely, his employment with and termination by Defendant—took place within this District.

## FACTUAL BACKGROUND

7. Plaintiff was hired as a forklift operator at Defendant's Olathe, Kansas location in December 2021.

8. A month or two after he started working for Defendant, a coworker, Wendy Rodriguez, asked Plaintiff if he had a girlfriend. Plaintiff responded that he was separated from his husband.

9. While Plaintiff did not discuss his sexuality around the workplace frequently, it was generally known throughout his tenure as an employee of Defendant that Plaintiff is gay.

10. Shortly after his initial conversation with Rodriguez, Rodriguez told Plaintiff that another coworker, Sergio, had called Plaintiff a faggot.

11. Plaintiff was shocked by this allegation, but he did not believe that Sergio would say something so offensive about him. At that time, Plaintiff did not report Sergio's alleged comment.

12. After the incident involving Sergio's comments, Rodriguez' attitude toward Plaintiff shifted. Rodriguez, who had previously had a friendly demeanor towards Plaintiff, began acting cold and distant toward him. Rodriguez and her boyfriend, Juan Aguilar, also an employee

of Defendant, began moving Plaintiff's forklift across the warehouse during breaks, so he would have to walk a long way to get it at the end of his break.

13. Plaintiff reported Rodriguez' and Aguilar's actions to his supervisors, including Mike Ellison.

14. Plaintiff's supervisors took no action in response to Plaintiff's reports until, after several weeks of mistreatment, Plaintiff refused to return to the shop floor until something was done.

15. At that point, Plaintiff's supervisors intervened and the complained-of behavior stopped.

16. On or around July 18, 2022, Rodriguez recklessly drove her forklift towards Plaintiff with the forks raised, nearly hitting him.

17. Plaintiff immediately reported Rodriguez' reckless behavior to human resources.

18. Plaintiff and Rodriguez were then called into a meeting with HR, Mike Ellison, and other supervisors.

19. In that meeting, a manager asked Rodriguez if she had a problem with Plaintiff, and she said no. Rodriguez admitted to driving her forklift with the forks up, but denied specifically targeting Plaintiff with the forklift.

20. The manager then asked Plaintiff if he had a problem with Rodriguez, and Plaintiff said yes.

21. When pressed on the subject, Plaintiff elaborated that Rodriguez had sexually harassed him several times.

22. Specifically, Plaintiff reported that Rodriguez had shown Plaintiff naked pictures of herself, that she had repeatedly made out with Aguilar in front of him, and that she had asked Plaintiff to film her having sex after hours.

23. Rodriguez denied Plaintiff's allegations.

24. After Plaintiff left the meeting, he complained to a coworker that he was frustrated by the situation, and that he felt like he was being targeted by Rodriguez when she was the one who sexually harassed him.

25. Approximately an hour later, Plaintiff was called back into the office and told that he was being suspended due to a report that Rodriguez and Aguilar made against him.

26. Specifically, Plaintiff was told that Rodriguez and Aguilar alleged that he (Plaintiff) had lifted up his shirt in front of Aguilar and said, "come on Juan, you know you want it," and that he told both Aguilar and Rodriguez, "I like big dick and I like big dick behind me."

27. Plaintiff denied these false allegations, and told HR that he believed Rodriguez and Aguilar were retaliating against him for reporting Rodriguez' pattern of behavior toward him.

28. Plaintiff was promptly suspended while Defendant investigated Rodriguez' and Aguilar's report of sexual harassment against him.

29. Meanwhile, Rodriguez was permitted to continue working despite Plaintiff's report of sexual harassment against her.

30. Approximately a week into his suspension, Plaintiff was asked to give a statement as part of the investigation into his behavior. Plaintiff admitted to complaining to a coworker about Rodriguez' sexual harassment of him in generic terms, without going into graphic detail, and to complaining that he felt retaliated against by Rodriguez.

31. After giving his statement, Plaintiff heard nothing about the situation until approximately August 9, 2022.

32. On or around August 9, 2022, Plaintiff's employment with Defendant was terminated.

33. On information and belief, Defendant did not conduct an investigation into Plaintiff's complaints of sexual harassment against Rodriguez, and Rodriguez was not disciplined for her actions.

***Exhaustion of Administrative Remedies***

34. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around November 4, 2022.

35. On March 23, 2023, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue.

**COUNT I: TITLE VII SEX DISCRIMINATION**

36. Plaintiff incorporates herein the allegations set forth above.

37. Plaintiff is a gay man, a member of a protected class.

38. Defendant Foodbrands terminated Plaintiff's employment on or around August 9, 2022.

39. At the time of his termination, Plaintiff had no issues with his performance that would have justified the termination.

40. The timing and circumstances of Plaintiff's termination, which ostensibly occurred as a result of allegations of sexual harassment against Plaintiff, a gay man, create an inference that Plaintiff's termination was the result of unlawful sex discrimination and sex-based stereotyping

because similar allegations of sexual harassment made by Plaintiff against Rodriguez, a straight woman, were not treated with nearly the same level of seriousness by Defendant.

41. Defendant's discriminatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

42. Defendant's discriminatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff James Crable respectfully requests that the Court enter judgment in his favor on Count I and against Defendant Foodbrands for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

## COUNT II: TITLE VII RETALIATION

43. Plaintiff incorporates herein the allegations set forth above.

44. Plaintiff engaged in protected activity when he reported sexual harassment by a coworker, Rodriguez, to his supervisors and to Defendant's HR office.

45. Defendant terminated Plaintiff's employment on or around August 9, 2022.

46. At the time of the termination, Plaintiff had no issues with his performance that would have justified the termination.

47. The timing and circumstances of Plaintiff's termination, in which he was suspended within hours of his protected activity, purportedly based on a report that appears to have been made in retaliation for Plaintiff's own report of sexual harassment, and terminated at the conclusion of

the suspension, create an inference that Plaintiff's termination was a result of unlawful retaliation for his protected activity.

48. Defendant's retaliatory conduct has directly and proximately caused Plaintiff to suffer damages, including lost wages and benefits, garden variety emotional distress, humiliation, embarrassment, and frustration.

49. Defendant's retaliatory conduct was done with malice and reckless indifference to Plaintiff's protected rights, such that Defendant is liable for punitive damages in an amount sufficient to punish and deter it and other employers from engaging in similar conduct.

WHEREFORE Plaintiff James Crable respectfully requests that the Court enter judgment in his favor on Count II and against Defendant Foodbrands for damages to be proven at trial, for reasonable attorneys' fees and expenses, and for such other relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby requests the trial be held in Kansas City, Kansas.

**HKM EMPLOYMENT ATTORNEYS, LLP**

By: *\/s/ Kevin A. Todd*
John J. Ziegelmeyer III, KS 23003
jziegelmeyer@hkm.com
Brad K. Thoenen, KS 24479
bthoenen@hkm.com
Kevin A. Todd, KS 78998
ktodd@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.301.5430

ATTORNEYS FOR PLAINTIFF